IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE N. MANN,**

      **Plaintiff,**                        Civil Action 2:22-cv-2553
                                          Judge James L. Graham
     v.                           Magistrate Judge Elizabeth P. Deavers

**LNKBOX GROUP, INC.,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Quash Defendant Trickle Productions' Subpoenas Upon Plaintiff's Medical Providers and Employer. (Mot., ECF No. 143.) Defendant Trickle Productions, LLC ("Trickle") filed a Memorandum in Opposition. (Resp., ECF No. 147.) Plaintiff filed a Reply to Defendant Trickle's Memorandum in Opposition. (Reply, ECF No. 148.) This matter is ripe for judicial review.[1]

Plaintiff argues that the subpoenas are untimely, unduly burdensome and broad, not relevant or proportional, seek privileged information, and seek information already produced. (Mot. at PageID 3953.) Defendant contends that Plaintiff does not have standing to contest the subpoenas, and in the alternative, has waived her right to object. (Resp. at PageID 4316–19.)

The Court finds that the subpoena must be quashed because it violates the discovery deadline. A court may *sua sponte* quash a subpoena. *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786198, at *6 (M.D. Tenn. May 16, 2016)

---

[1] Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. The Court is satisfied that the parties have minimally met this prerequisite.

(collecting cases). "A subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (citing *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10CV00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) (quotations omitted). The Court's scheduling order expressly cautions that "all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date." (ECF No. 10.)

"Courts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline." *Allstate*, 309 F. Supp. 3d at 514 (citing *Thomas v. City of Cleveland*, 57 Fed. App'x. 652, 654 (6th Cir. 2003); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Fields v. Runyon*, No. 95–3987, 1996 WL 599820, at *2 (6th Cir. Oct. 17, 1996). The discovery deadline in this case was October 26, 2024.[2] (ECF No. 121.) Although Defendant issued the subpoenas before the discovery deadline, on October 14, 2024, the production requested would occur weeks after the deadline. (ECF No. 143-1.)

Defendant claims that the parties agreed to continue the discovery deadline. (Resp. at PageID 4316.) Federal Rule of Civil Procedure 29 provides that "parties may stipulate that other procedures governing or limiting discovery be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b). The parties do

---

[2] The Court notes that on November 1, 2022, it set the first discovery deadline for nearly a year later, October 26, 2023. (ECF No. 10.) The Court has since granted the parties' requests to extend the discovery deadline twice, ECF Nos. 27 and 121, and warned the parties six months ago that no further extensions would be granted absent a showing of extraordinary cause. (ECF No. 121.)

2

not assert, and the Court finds no evidence, that they sought Court approval to extend the discovery deadline.  The Court finds that the parties' stipulation is invalid, and the discovery deadline remains October 26, 2024.

Accordingly, the Court *sua sponte* **QUASHES** the subpoena.  Plaintiff's Motion (ECF No. 143) is **DENIED as moot**.

**IT IS SO ORDERED.**

**Date: December 5, 2024**              /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**