IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE N. MANN,**

    **Plaintiff,**                     Civil Action 2:22-cv-2553
                                          Judge James L. Graham
    v.                                Magistrate Judge Elizabeth P. Deavers

**LNKBOX GROUP, INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Defendant AEG Presents Boulder, LLC, for Protective Order. (ECF No. 131.) Plaintiff filed a Memorandum in Opposition. (ECF No. 136.) Defendant AEG Presents Boulder, LLC ("AEG") did not file a reply in support of its Motion. This matter is ripe for judicial review. For the reasons stated herein, the Motion is **DENIED without prejudice**.

    **I.**    **BACKGROUND**

Plaintiff initiated this case on June 20, 2022, alleging personal injury claims. (ECF No. 1.) On June 5, 2024, the Court permitted a second extension of the discovery and dispositive motion deadlines to October 26, 2024, and December 20, 2024, respectively. (ECF No. 121.) On October 2, 2024, twenty-four days before the discovery deadline, Defendant AEG filed its Motion for Protective Order, in which it requests the Court to issue a protective order prohibiting Plaintiff from deposing Defendant AEG's corporate representative on **forty-seven** topics. (ECF No. 131.)

    **II.**    **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense. . . ." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550–551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case . . . ."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26 requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties

nominally met these prerequisites.

### III. ANALYSIS

Defendant AEG's Motion provides minimal analysis in support of its request for a protective order. Defendant AEG presents in seriatim the **forty-seven** deposition topics it opposes, reformats its objections into complete sentences, and adds a sentence or two in support of its objections. (ECF No. 131, at PageID 1512–25.) The majority of Defendant AEG's analysis is replete with wholly conclusory statements. (*Id.*) Under these circumstances, the Court cannot determine whether Defendant AEG has demonstrated good cause and finds that Defendant AEG has failed to meet its burden to obtain a protective order. While Defendant AEG bears the burden, the Court notes that Plaintiff's Response is equally unpersuasive as Plaintiff's arguments are difficult to decipher and largely aimed at scolding Defendant AEG for what she perceives as its efforts to delay.

### IV. CONCLUSION

For the foregoing reasons, Defendant AEG's Motion for Protective Order (ECF No. 131) is **DENIED without prejudice**. If this discovery dispute is not moot, particularly given the dispositive motion briefing, which is now complete, the parties are **DIRECTED** to re-file their briefs in a cogent manner such that the Court can discern their arguments. Defendant AEG must file its renewed motion, if any, within **TWENTY-ONE DAYS** of this Order. Such motion cannot exceed 20 pages. Plaintiff must file her response, if any, within **FOURTEEN DAYS** of Defendant's renewed motion. Such response cannot exceed 20 pages. There will be no Reply unless ordered by the Court.

**IT IS SO ORDERED.**

**Date: January 27, 2025**          */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**