IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE N. MANN,**

      **Plaintiff,**                                  Civil Action 2:22-cv-2553
                                                    Judge James L. Graham
      v.                                             Magistrate Judge Elizabeth P. Deavers

**LNKBOX GROUP, INC.,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Defendant AEG Presents LLC to Respond to Discovery. (Mot., ECF No. 139.) Defendant AEG Presents Boulder, LLC ("AEG") filed an Opposition to Plaintiff's Motion to Compel. (Resp., ECF No. 158.) Plaintiff filed a Reply to Defendant AEG's Opposition. (ECF No. 167.) This matter is ripe for judicial review. For the reasons stated herein, the Motion is **DENIED without prejudice in part** and **DENIED as moot in part**.

    **I.    BACKGROUND**

Plaintiff initiated this case on June 20, 2022, alleging personal injury claims. (ECF No. 1.) On June 5, 2024, the Court permitted a second extension of the discovery and dispositive motion deadlines to October 26, 2024, and December 20, 2024, respectively. (ECF No. 121.) On October 22, 2024, four days before the discovery deadline, Plaintiff filed its Motion to Compel. (ECF No. 139.)

    **II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the

motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.*

2

(quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* the Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

### III.     ANALYSIS

Plaintiff seeks an order compelling Defendant AEG to "produce complete and full discovery responses and Documents [sic] to Plaintiff's First and Second Set of Discovery and Order [sic] the deposition of AEG witnesses Jason Miller and[] Michael Sampliner."  (Mot. at PageID 3130.)  Plaintiff includes a footnote in which she lists out the interrogatory responses she claims are incomplete, but she does not identify how each interrogatory seeks relevant information and why each of Defendant AEG's responses are deficient.  (*Id.* at PageID 3114.)  Instead, Plaintiff claims that Defendant AEG has failed to provide a variety of information.  (*Id.* at PageID 3121–3130.)  The Court declines to attempt to decipher Plaintiff's argument and match it up with Defendant AEG's responses to determine which, if any, requests are relevant

and if the corresponding responses are deficient.[1]  Accordingly, the Court **DENIES without prejudice** Plaintiff's Motion to Compel discovery responses.

Plaintiff also requests the Court to order the depositions of Jason Miller and Michael Sampliner, apparently out of concern that Defendant AEG will cancel the depositions "immediately prior to commencement."  (Mot. at PageID 3130.)  Although Plaintiff does not provide adequate reasoning as to why the Court should order these depositions, Defendant AEG notes that the depositions have been completed.  (Resp. at PageID 5434.)  Accordingly, the Court **DENIES as moot** Plaintiff's request.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Defendant AEG to Respond to Discovery (ECF No. 139) is **DENIED without prejudice in part** and **DENIED as moot in part**.  If the remaining discovery dispute is not moot, particularly given the ongoing dispositive motion briefing, the parties are **DIRECTED** to re-file their briefs in a cogent manner such that the Court can discern their arguments.  Plaintiff must file her renewed motion, if any, within **TWENTY-ONE DAYS** of this Order.  Such motion cannot exceed 20 pages.  Defendant AEG must file its response, if any, within **FOURTEEN DAYS** of Plaintiff's renewed motion.  Such response cannot exceed 20 pages.  There will be no Reply unless ordered by the Court.

IT IS SO ORDERED.


**Date: January 27, 2025**          /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that Plaintiff did not attach or reference Defendant AEG's most recent supplemental responses to Plaintiff's first set of discovery requests.  (Resp. at PageID 5432.)