IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE N. MANN,**

    **Plaintiff,**　　　　　　　　　　　Civil Action 2:22-cv-2553
　　　　　　　　　　　　　　　　　　　Judge James L. Graham
  v.　　　　　　　　　　　　　　　　Magistrate Judge Elizabeth P. Deavers

**LNKBOX GROUP, INC.,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on the parties' dispute regarding the Federal Rule of Civil Procedure Rule 30(b)(6) deposition of Defendant AEG Presents Boulder, LLC ("AEG"). On February 24, 2025, the Court ordered the parties to submit letter briefing and explicitly instructed Plaintiff to "clearly articulat[e] her position with citations to legal authority." (ECF No. 187.) At that time, the Court did not presume it was necessary to provide the same instruction to Defendant AEG. Neither party, however, included *any* citations to legal authority. (ECF Nos. 189, 191.)

This ongoing dispute began as early as **December 2023**. (ECF No. 110-1.) The parties eventually agreed to October 1, 2024, as the date for Plaintiff to depose Defendant AEG's Rule 30(b)(6) witness. (ECF No. 189, at PageID 5693; ECF No. 131, at PageID 1508.) Plaintiff served her Fifth Amended Notice of Rule 30(b)(6) Deposition of AEG on September 20, 2024. (ECF No. 189, at PageID 5693.) On September 24, 2024, Defendant AEG informed Plaintiff that the deposition would not proceed on October 1, 2024. (ECF No. 131, at PageID 1508.) On September 29, 2024, Defendant AEG served Plaintiff with formal objections. (*Id.*) On October

2, 2024, the day after the deposition was scheduled to occur, Defendant AEG filed a Motion for Protective Order. (ECF No. 131.)

> The Court denied Defendant AEG's Motion:
>
>> The majority of Defendant AEG's analysis is replete with wholly conclusory statements. (*Id.*) Under these circumstances, the Court cannot determine whether Defendant AEG has demonstrated good cause and *finds that Defendant AEG has failed to meet its burden to obtain a protective order.*
>>
>> \*\*\*
>>
>> Defendant AEG's Motion for Protective Order (ECF No. 131) is **DENIED without prejudice**. If this discovery dispute is not moot, particularly given the dispositive motion briefing, which is now complete, the parties are **DIRECTED** to re-file their briefs in a cogent manner such that the Court can discern their arguments. Defendant AEG must file its renewed motion, if any, within **TWENTY-ONE DAYS** of this Order.

(ECF No. 183) (emphasis in original and added). Defendant AEG elected not to renew its Motion for Protective Order by the Court's deadline, February 18, 2025. On February 20, 2025, Plaintiff proposed new dates to depose Defendant AEG's Rule 30(b)(6) witness. (ECF No. 189, at PageID 5639.) Defendant AEG responded: "[D]iscovery is closed. The deposition cannot move forward." (*Id.*)

The Court declines to recite the parties' unsupported arguments at length and instead focuses on the crux of the dispute. Defendant AEG makes the inapposite and unsupported argument that the dispute was mooted by the Court issuing an Order *denying* its Motion for Protective Order after the parties' discovery deadline had passed. (ECF No. 191, at PageID 5647.) The timing of the Court's decision does not affect whether Plaintiff is permitted to depose Defendant AEG's Rule 30(b)(6) witness on certain topics. Plaintiff properly noticed the deposition witness for a date *before* the discovery deadline. (ECF No. 131, at PageID 1551.) Due to Defendant AEG's failure to demonstrate good cause and satisfy its burden for a

protective order, Plaintiff remains entitled to depose Defendant AEG's Rule 30(b)(6) witness. "It is clear, however, that it is not the filing of such a motion that stays the deposition, but rather a court order." *F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983). *See also* Fed. R. Civ. P. 37 advisory committee's note to 1993 Amendment (A motion for protective order is "not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect."). Additionally, the Court will not allow counsel for the parties to prejudice Plaintiff Brooke Mann with their behavior throughout this dispute.

Accordingly, the parties are **ORDERED** to meet and confer regarding the deposition topics in Fifth Amended Notice of Rule 30(b)(6) Deposition of AEG by **MARCH 28, 2025**. The Court **EXPECTS** the parties to reach an agreement on the deposition topics. The parties are further **ORDERED** to complete the deposition of Defendant AEG's Rule 30(b)(6) witness by **APRIL 18, 2025**.

    **IT IS SO ORDERED.**

Date: March 13, 2025            */s/ Elizabeth A. Preston Deavers*
                                                 **ELIZABETH A. PRESTON DEAVERS**
                                                 **UNITED STATES MAGISTRATE JUDGE**